UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN E. McBRIDE,                                            07-CV-2624 (NG)

               Plaintiff,                                  **MEMORANDUM
                                                            AND ORDER**

      -against-

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION,

               Defendant.
-------------------------------------------------------X
**GERSHON, United States District Judge:**

By order dated August 3, 2007, the Court directed plaintiff, appearing *pro se*, to file an amended complaint in order to proceed against his former employer, the New York City Human Resources Administration ("HRA") pursuant to the Americans with Disabilities Act. On August 30, 2007, plaintiff filed an amended complaint. For the reasons set forth below, the action is dismissed.

## BACKGROUND

Plaintiff alleges that he was employed as a clerical associate and that he was dismissed by HRA on October 1, 1998. Compl. at ¶¶ 1-2. Plaintiff further alleges that "in August 2000, Plaintiff was the subject of an arbitration award filed against Defendant [wherein] Plaintiff's termination was rescinded and converted into a separation from employment." Compl. at ¶¶ 3-4. Plaintiff alleges that he sought reinstatement in September 2002, but was denied due to his disability (bipolar disorder and head trauma). Compl. at ¶¶ 4-9. According to plaintiff, he " brought an action in the Supreme Court of New York (trial division) to enforce the arbitration agreement" and through the state appellate courts, but he was unsuccessful. Compl. at ¶¶ 10-19.

On September 22, 2003, plaintiff filed a charge of discrimination based on disability with the Equal Employment Opportunity Commission ("EEOC"). See Plaintiff's Unmarked Exhibit, " Charge of Discrimination" dated Sept. 22, 2003.

## DISCUSSION

Before filing an ADA claim in federal court, the plaintiff must file a timely charge of discrimination with the EEOC or an equivalent state or city agency and must receive a "Notice of Right to Sue " letter from the EEOC. Williams v. New York City Housing Authority, 458 F.3d 67, 69 (2d Cir. 2006); 42 U.S.C. § 2000e-5(f)(1); see also 42 U.S.C. § 12117(a) (applying procedural requirements under Title VII to ADA claims). Thereafter, the ADA claim must be filed in federal court "within 90 days of the claimant's receipt of the right-to-sue letter." Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir. 1996). Here, plaintiff filed a charge of discrimination with the EEOC on September 22, 2003 and he filed the instant action on June 21, 2007, but he did not include a copy of the right to sue letter from the EEOC or allege that he received a right to sue letter from the EEOC. The Court granted plaintiff leave to file an amended complaint in order to include the right to sue notice in support of his ADA claim.

In response, plaintiff filed an amended complaint, but did not include a right to sue notice as instructed. Even liberally construed, the amended complaint is not responsive to the Court's order. Instead, plaintiff argues that "the judgment which is being appealed from in this matter was entered on April 7, 2005 Despite this fact, the time for filing an appeal has not been exceeded." Plaintiff does not refer to his charge of discrimination based on the ADA or provide any information in support of his initial ADA claim. See Plaintiff's Amended Compl. at 1-3.[1]

As plaintiff has not included a right to sue notice from the EEOC or alleged the date he received such notice, or otherwise complied with the Court's order, the action is dismissed without prejudice. Brown v. General Elec. Co., No. Civ. A. No. 93-CV-527, 1995 WL 340748, at *1 (N.D.N.Y. June 6, 1995) (Pooler, J.) ("plaintiff's unexplained failure to obtain a right to sue letter requires dismissal without prejudice") (citing Hall v. New York State Dep't of Enviromental Conservation, 726 F. Supp. 386, 388 (N.D.N.Y. 1989) and Hladki v. Jeffrey's Consolidated, Ltd., 652 F.Supp. 388, 393 (E.D.N.Y. 1987)).

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
September , 2007